| | |
|---|---|
| **PELICAN ICE & COLD STORAGE, L.L.C.** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 17-7323** |
| **ROSS METAL PRODUCTS, INC., et al.** | **SECTION: "G"(1)** |

## ORDER

Pending before this Court is Defendants Ross Metal Products, Inc. ("RMP") and Brian Tracey's ("Tracey") (collectively, "Defendants") "Rule 56 Motion For Partial Summary Judgment Regarding Choice of Law," in which Defendants argue that New York law should govern the instant action, pursuant to a contractual choice-of-law provision and under Louisiana's conflict-of-laws provisions.[1] Having considered the motion for summary judgment, the memoranda in support and in opposition, the record, and the applicable law, the Court will grant the motion.

## I. Background

In the summer of 2015, Plaintiff Pelican Ice & Cold Storage, L.L.C. ("Plaintiff") began negotiating with RMP for RMP to manufacture an ice palletizer for Plaintiff's ice plant in Kenner, Louisiana.[2] On October 24, 2015, Tracey, the owner and president of RMP, visited Plaintiff's ice plant to inspect the plant and to take measurements.[3] That same day, the parties executed a contract, titled Quote 15-1622-PI-4 ("Quote"), where Defendants would build an ice palletizer to be delivered to Plaintiff's facility.[4] In exchange, Plaintiff agreed to pay Defendants in excess of

---

[1] Rec. Doc. 19.

[2] Rec. Doc. 1-1 at 3.

[3] Rec. Doc. 19-1 at ¶ 11; Rec. Doc. 24-1 at ¶11.

[4] Rec. Doc. 19-1 at ¶ 7; Rec. Doc. 24-1 at ¶ 7.

$185,600.00.[5]

On the fourth page of the Quote, a paragraph captioned "Interpretation" provides:

Quotes and any subsequent invoices are to be construed, interpreted, enforced and performed according to the laws of the State of New York, without regard to that body of law governing conflict of laws. The United Nations Convention on the International Sale of Products shall not apply to the Quote or any subsequent invoices. The Purchaser hereby agrees to the personal jurisdiction of the state and federal courts located in Syracuse, New York, regardless of the residence or principal place of business of Purchaser, and Purchaser waives any right to seek a change of venue or jurisdiction to any other court.[6]

Plaintiff alleges that the ice palletizer was installed on October 25, 2016, but that it did not perform its intended functions.[7] On March 20, 2017, Plaintiff filed suit against Defendants in the 24th Judicial District Court for the Parish of Jefferson.[8] On July 31, 2017, Defendants removed the matter to this Court.[9]

On September 26, 2017, Defendants filed the instant "Rule 56 Motion for Partial Summary Judgment Regarding Choice of Law."[10] On October 11, 2017, Plaintiff filed an opposition to the motion.[11] With leave of Court, on October 27, 2017, Defendants filed a reply in further support of the motion.[12]

---

[5] Rec. Doc. 19-4 at 1.

[6] *Id.* at 4.

[7] Rec. Doc. 1-1 at 3.

[8] *Id.* at 2.

[9] Rec. Doc. 1.

[10] Rec. Doc. 19.

[11] Rec. Doc. 24.

[12] Rec. Doc. 36.

## II. Parties' Arguments

### A.     *Defendants' Arguments in Support of the Motion for Partial Summary Judgment Regarding Choice of Law*

In support of the motion for partial summary judgment regarding choice of law, Defendants argue that the Quote contains a choice-of-law provision, which mandates the application of New York law to all disputes.[13] Defendants assert that the choice-of-law provision is valid because Louisiana law allows the enforcement of such provisions and because "the differences between New York and Louisiana law are not such that any violation of the public policy of Louisiana would occur."[14]

Although Defendants argue that the application of New York law to questions of corporate officers' personal liability would not contravene Louisiana's public policy, Defendants admit that there are minor differences in how New York and Louisiana law treat personal liability for corporate officers.[15] Defendants allege that under New York law a corporate officer cannot be held personally liable for the acts he performed on behalf of a corporation unless the officer's acts were independently tortious or if the officer signed a contract in his individual capacity.[16] Defendants argue that Louisiana law also provides several exceptions to the general rule that corporate officers will not be held liable for their corporate acts, including when a corporate officer

---

[13] Rec. Doc. 19-2 at 1–2.

[14] Id. at 2–3.

[15] *Id.* at 3.

[16] *Id.* at 3–4. Defendants also address how New York law treats piercing the corporate veil as a potential means to obtain a judgment against an individual who acted in their official capacity. *Id.* at 5.

makes a personal guarantee or breaches an independent duty to a third party.[17] Accordingly, Defendants assert that applying New York law would not violate the public policy of Louisiana.[18]

Defendants also argue that "Louisiana's interest in protecting its citizens in commercial transactions is adequately protected under New York law." [19] In support of its argument, Defendants point to a U.S. Fifth Circuit case where the court found that Louisiana's repurchase statute did not reflect Louisiana's public policy such that it would prevent the application of another state's law.[20]

Finally, Defendants contend that this Court does not need to conduct a traditional conflict-of-laws analysis because the choice-of-law provision governs as it is valid and does not contravene Louisiana's public policy.[21] However, Defendants argue, nonetheless, that New York law would apply under a traditional conflict-of-laws analysis because they allege that most of the relevant contacts occurred in New York and that New York's policies or interests in this litigation are more numerus and more significant than Louisiana's interests.[22]

**B.     *Plaintiff's Arguments in Opposition to the Motion for Partial Summary Judgment***

In the opposition, Plaintiff first notes that the complaint not only asserts breach-of-contract claims, but also brings "a claim to rescind the contract because of redhibitory vices and defects to such an extent that the object of the contract . . . cannot accomplish any of its intended uses."[23]

---

[17] *Id.* at 3.

[18] *Id.* at 4.

[19] *Id.* at 6.

[20] *Id.*

[21] *Id.* at 5–6 (citing *Cherokee Pump and Equipment, Inc. v. Aurora Pump*, 38 F.3d 246 (5th Cir. 1994)).

[22] *Id.* at 6–7.

[23] Rec. Doc. 24-2 at 1.

Plaintiff states that it does not attack the validity of the choice-of-law provision, only its applicability to this case.[24] Plaintiff claims that the first sentence in the "Interpretation" provision, which selects New York law, "does not apply to all disputes but only to those involving 'Quotes and subsequent invoices.'"[25] Plaintiff continues that it has "no quarrel" with the Quote or the invoices it received from RMP and that RMP never asserted any problems with the Quote or the invoices.[26]

In addition, Plaintiff claims that a "clear and unambiguous" reading of the "Interpretation" provision demonstrates that it does not apply to all legal questions.[27] However, Plaintiff contends that if, in the alternative, the Court determines that the language contained within the choice-of-law provision is unclear or ambiguous, that any ambiguity be construed in Plaintiff's favor, as Plaintiff alleges it played no role in the drafting of the Quote.[28]

Plaintiff agrees with Defendants that a conflict-of-laws analysis is unnecessary, but "out of an abundance of caution" still conducts a cursory analysis of the issue.[29] Plaintiff alleges that under Louisiana's general conflict-of-laws analysis, Louisiana law would apply because of the case's relevant contacts with Louisiana and because Louisiana has an interest in resolving products liability cases.[30]

---

[24] *Id.* at 2.

[25] *Id.* at 3.

[26] *Id.*

[27] *Id.* at 3–4.

[28] *Id.* at 4.

[29] *Id.* at 5–8.

[30] *Id.*

*C.*       *Defendants' Reply in Support Of Its Motion for Partial Summary Judgment*

In reply, Defendants emphasize that Plaintiff concedes the validity of the choice-of-law provision and does not meet its burden in proving the clause invalid.[31] Defendants argue that the Quote and the contract are one and the same and that the "Interpretation" clause "clearly and expressly applies to the contract which is the subject of this action" because the choice-of-law provision states that quotes will be interpreted under New York law.[32]

Defendants again address the general conflict-of-laws analysis under Louisiana law by rebutting several of the assertions made by Plaintiff regarding where certain performance of the contract occurred, as well as which state, Louisiana or New York, has stronger public policy rationales for applying its law to the dispute at hand.[33]

### III.  Legal Standard

*A.*       *Motion for Summary Judgment Standard*

Summary judgment is appropriate when the pleadings, the discovery, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[34] When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[35] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and

---

[31] Rec. Doc. 36 at 1.

[32] *Id.* at 2.

[33] *Id.* at 3–4.

[34]  Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[35]  *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).

conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[36] If the record, as a whole, could not lead a rational trier of fact to find for the nonmoving party, then no genuine issue of fact exists and the moving party is entitled to judgment as a matter of law.[37]

On a motion for summary judgment, the moving party bears the initial burden of identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.[38] "To satisfy this burden, the movant may either (1) submit evidentiary documents that negate the existence of some material element of the opponent's claim or defense, or (2) if the crucial issue is one on which the opponent will bear the ultimate burden of proof at trial, demonstrate that the evidence in the record insufficiently supports an essential element of the opponent's claim or defense."[39] If the moving party satisfies its initial burden, the burden shifts to the nonmoving party to "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims.[40] In doing so, the nonmoving party may not rest upon mere allegations or denials in its pleadings, but rather must set forth "specific facts showing the existence of a 'genuine' issue concerning every essential component of its case."[41] The nonmovant's burden of demonstrating a genuine issue of material fact is not satisfied merely by creating "some

---

[36] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

[37] *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).

[38] *Celotex*, 477 U.S. at 323.

[39] *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 190 (5th Cir. 1991) (citing *Little v. Liquid Air Corp.*, 939 F.2d 1293, 1299 (5th Cir. 1991)).

[40] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

[41] *Morris*, 144 F.3d at 380 (citing *Thomas v. Price*, 975 F.2d 231, 235 (5th Cir. 1992); *see also Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012).

metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence."[42] There is no genuine issue for trial "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."[43] Furthermore, it is well-established that "[u]nauthenticated documents are improper as summary judgment evidence."[44]

### B.      *Enforceability of Contractual Choice-of-Law Provisions*

When sitting in diversity, a district court applies the choice-of-law rules of the state in which it sits.[45]  Louisiana law "generally gives contracting parties the freedom to choose which state's law will govern disputes arising out of the contract."[46] Pursuant to Article 3540 of the Louisiana Civil Code, contractual choice-of-law provisions are presumed valid unless the "chosen" law contravenes the public policy of the state whose law would apply absent the choice-of-law provision—here, Louisiana.[47] The Fifth Circuit has explained, "One state's law does not violate another state's public policy merely because the laws of the two states differ."[48] The Fifth Circuit has also highlighted the official comments to Article 3540, which state "only strongly held beliefs of a particular state qualify for the characterization of 'public policy.'"[49]

---

[42] *Little*, 37 F.3d at 1075.

[43] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (citing *First Nat. Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968)).

[44] *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).

[45] *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 512 (5th Cir. 2014) (citing *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941)).

[46] *Cherokee Pump & Equip. Inc. v. Aurora Pump*, 38 F.3d 246, 250 (5th Cir. 1994).

[47] La. Civ. Code art. 3540; *see also Roberts v. Energy Dev. Corp.*, 235 F.3d 935, 943 (5th Cir. 2000).

[48] *Delhomme Indus., Inc. v. Houston Beechcraft, Inc.*, 669 F.2d 1049, 1058 (5th Cir. 1982).

[49] *Cherokee Pump & Equip. Inc.*, 38 F.3d at 252 (quoting La. Civ. Code art. 3540 cmt. f).

The party who seeks to invalidate a contractual choice-of-law provision bears the burden of proving either that the provision is invalid or that the application of the "chosen" law would violate Louisiana's public policy.[50] If a contractual choice-of-law provision is valid and does not contravene Louisiana's strongly held public policy, the court must still determine whether the dispute falls within the scope of the clause.[51]

## IV. Analysis

Defendants argue that New York law should govern this case pursuant to the choice-of-law provision contained within the Quote as the provision is valid and does not contravene Louisiana's public policy.[52] In its memorandum in opposition, Plaintiff concedes the validity of the choice-of-law provision and does not argue that the provision violates Louisiana's public policy; instead, Plaintiff argues that the choice-of-law provision does not apply to the dispute at hand.[53] Therefore, the Court must evaluate whether the dispute falls within the scope of the choice-of-law provision contained within the Quote.

The choice-of-law provision, captioned "Interpretation," contained within the Quote, reads as follows:

> Quotes and any subsequent invoices are to be construed, interpreted, enforced and performed according to the laws of the State of New York, without regard to that body of law governing conflict of laws. The United Nations Convention on the International Sale of Products shall not apply to the Quote or any subsequent invoices. The Purchaser hereby agrees to the personal jurisdiction of the state and federal courts located in Syracuse, New York, regardless of the residence or principal place of business of Purchaser, and Purchaser waives any right to seek a

---

[50] *Barnett v. Am. Const. Hoist, Inc.*, 2011-1261 (La. App. 1 Cir. 2/10/12); 91 So. 3d 345, 349; *Neivens v. Estrada-Belli*, 2017-0225 (La. App. 4 Cir. 9/27/17); 228 So. 3d 238, 246; *Axis Oilfield Rentals, LLC v. Mining, Rock, Excavation & Constr., LLC*, 166 F. Supp. 3d 684, 690 (E.D. La. 2016).

[51] *Dorsey v. N. Life Ins. Co.*, No. CIV.A. 04-0342, 2005 WL 2036738, at *4 (E.D. La. Aug. 15, 2005).

[52] Rec. Doc. 19-2.

[53] Rec. Doc. 24-2.

change of venue or jurisdiction to any other court.[54]

The clause expressly states that New York law will govern the interpretation, enforcement, and performance of any quotes or subsequent invoices.[55]

Plaintiff argues that the choice-of-law provision is inapplicable from a plain reading of the clause because it "does not apply to 'all disputes' but only to those involving 'Quotes and subsequent invoices.'"[56] Plaintiff does not allege that the parties executed any other contract, besides Quote 15-1622-PI-4, and in fact, Plaintiff referenced the warranty section of the Quote in the initial petition for damages, where it brought breach-of-contract and breach-of-warranty claims.[57] Plaintiff asserts that it "has no quarrel as to the Quote or the subsequent invoices," adding that Plaintiff always paid its invoices timely and that RMP never alleged that "there was a problem with the quote for the ice palletizer."[58] Plaintiff appears to be arguing that the "Quote," as identified in the "Interpretation" clause, only refers to the first page of the four-page contract executed by the parties, and not the entire contract. Yet, Plaintiff does not point to any limiting language contained within the Quote or the choice-of-law provision that would restrict the "Interpretation" clause's application to only payment-related disputes.

When deciding Defendants' Motion To Transfer Venue, this Court already determined that for the purposes of the "Interpretation" provision contained within the Quote, the term quote refers

---

[54] Rec. Doc. 19-4 at 4.

[55] *Id.*

[56] Rec. Doc. 24-2

[57] Rec. Doc. 1-1 at 6, ¶21.

[58] Rec. Doc. 24-2 at 3.

to the entire four-page contract executed by the parties.[59] Therefore, per the Court's prior order and the express language of the "Interpretation" provision, all four pages of the Quote shall be interpreted and enforced under New York law.

In the complaint, Plaintiff alleges breach-of-contract claims and breach-of-warranty claims.[60] The Quote directly addresses which warranties are guaranteed under the Quote and which warranties the purchaser, Plaintiff, waives.[61] Any breach-of-contract claim clearly falls within the scope of this provision. Further, because the warranties, and waivers thereof, are contained within the Quote, to which the "Interpretation" clause applies, any breach of those warranties must be interpreted under New York law.

Plaintiff has failed to meet its burden in establishing that the contractual choice-of-law provision is invalid or unenforceable. Moreover, Plaintiff makes no arguments as to why the application of New York law to this dispute would contravene Louisiana's public policy. Because there are no genuine issues of material fact in regards to the applicability of the choice-of-law provision, Defendants are entitled to summary judgment as a matter of law that New York law shall govern the interpretation and enforcement of Quote-15-1622-PI-4.[62]

### V. Conclusion

Based on the foregoing and considering Louisiana law regarding the enforcement of choice-of-law provisions, the Court finds that Plaintiff has not met its burden in demonstrating that

---

[59] Rec. Doc. 52.

[60] Rec. Doc. 1-1.

[61] Rec. Doc. 19-4 at 3.

[62] Because the choice-of-law provision is enforceable and applicable, conducting a general conflict-of-laws analysis is unnecessary.

the choice-of-law provision is invalid, inapplicable, or that it violates Louisiana's public policy.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Rule 56 Motion for Partial Summary Judgment Concerning Choice of Law[63] is **GRANTED**.

**NEW ORLEANS, LOUISIANA**, this 16th  day of April, 2018.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[63] Rec. Doc. 19.